UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE JACKS, | Case No. 2:25-cv-2651-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| A. MAUCK, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this section 1983 action and appears to challenge the validity of a state restitution fine levied against him. ECF No. 1 at 3-4, 7. The complaint as articulated does not, for the reasons stated below, state a cognizable claim. I will dismiss the complaint and give plaintiff leave to amend to address the deficiencies identified below. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 4.

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **II.     Analysis**

21 Plaintiff's complaint is difficult to read but, as best I can tell, he is challenging the validity
22 of a state restitution fine.  ECF No. 1 at 7 (alleging that defendant Roby, an accounting
23 supervisor, has taken over six thousand dollars from plaintiff illegally).  Restitution fines arise
24 under state law and claims that they are invalid require a showing that a state court has
25 determined as much.  *See Frederickson v. Davis*, No. 17-cv-03994-CRB (PR), 2018 U.S. Dist.
26 LEXIS 226559, *9 (N.D. Cal. Nov. 15, 2018) ("To state a possible claim under § 1983 that prison
27 officials violated Plaintiff's due process rights by deducting funds from his account based on an
28 invalid state court restitution fine, Plaintiff must allege that the state court restitution fine at issue

had been invalidated by a subsequent state court order when prison officials deducted funds from his account."). A state court order indicates that a habeas petition plaintiff filed on this matter was rejected. *Id.* at 19. Thus, there does not appear to be any tenable allegation that plaintiff was deprived of due process.

I will give plaintiff an opportunity to amend so that he may address these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

IT IS SO ORDERED.

Dated: November 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3