UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE JACKS, | Case No.  2:25-cv-2651-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| A. MAUCK, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that defendants violated his rights by attaching an invalid restitution fine to his record, thereby depriving him of funds to which he was entitled.  My prior screening order informed him that a state restitution fine could be challenged only if the fine at issue has been invalidated by a state court.  ECF No. 6 at 2-3.  Plaintiff has filed an amended complaint raising similar claims that does not allege such invalidation.  ECF No. 11.[1]  Out of an abundance of caution, I will give plaintiff one final opportunity to amend and explain whether the restitution fine he alleges is false has been invalidated by a state court.

---

[1] Plaintiff has filed two amended complaints, ECF Nos. 9 & 11, but only the more recent will be considered, as a new complaint supersedes its predecessors.

1

**Screening Order**

I.      **Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     **Analysis**

Plaintiff alleges that defendants Mauck and Roby have effectively stolen settlement funds that he was due to receive by creating a new, false restitution fine. ECF No. 11 at 3. As I previously explained, restitution fines arise under state law and claims that they are invalid

2

require a showing that a state court has determined as much.  *See Frederickson v. Davis*, No. 17-cv-03994-CRB (PR), 2018 U.S. Dist. LEXIS 226559, *9 (N.D. Cal. Nov. 15, 2018) ("To state a possible claim under § 1983 that prison officials violated Plaintiff's due process rights by deducting funds from his account based on an invalid state court restitution fine, Plaintiff must allege that the state court restitution fine at issue had been invalidated by a subsequent state court order when prison officials deducted funds from his account.").  Plaintiff has failed to indicate as much in his complaint.

I will give plaintiff one final opportunity to amend so that he may address this issue.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's second amended complaint, contained in ECF No. 11, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:     February 25, 2026         _____
                                     JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE

3