UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY LEE JACKS,

      Plaintiff,

      v.

A. MAUCK, *et al.*,

      Defendants.

Case No.  2:25-cv-2651-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

This section 1983 action proceeds on plaintiff's third amended complaint.  ECF No. 13. Therein, as in his previous complaints, plaintiff alleges that, after receiving two-hundred and fifty-thousand dollars from a settlement he received in October 2023 and five-thousand five hundred dollars from a September 2024 settlement, defendants Mauck, Roby, Stalter, and Moseley violated his rights by using a fraudulent restitution obligation as a pretext to steal his funds. *Id.* at 3-5.  I find, for the reasons stated below, that the complaint fails to state a claim and now recommend that this action be dismissed without leave to amend.

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

As before, the essence of plaintiff's claim is that defendants stole money that he was entitled to by invoking a sham restitution fine. ECF No. 13 at 3-5. I previously explained that a challenge to a restitution fine can succeed only where a subsequent state court order invalidates the fine at issue. *See Frederickson v. Davis*, No. 17-cv-03994-CRB (PR), 2018 U.S. Dist. LEXIS 226559, *9 (N.D. Cal. Nov. 15, 2018) ("Plaintiff must allege that the state court restitution fine at issue had been invalidated by a subsequent state court order when prison officials deducted funds from his account."). As best I can tell, however, the current complaint is not challenging a

2

specific restitution fund's validity, but the existence of any restitution fund at all.

Nevertheless, there remains an impediment to plaintiff's claims.  A prisoner's claim for deprivation of property caused by the unauthorized actions of prison officials, like the one at bar, cannot proceed under section 1983 if the state provides him with an adequate post-deprivation remedy.  *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The state of California provides such a remedy.  *See Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations."); *see also Latham v. Cal. Dep't of Corr. & Rehab.*, No. 2:23-CV-0047-DMC-P, 2025 U.S. Dist. LEXIS 17937, *12 (E.D. Cal. Jan. 30, 2025) ("However, Plaintiff cannot sustain a claim based on loss or destruction of property under section 1983 because California provides an adequate post-deprivation remedy for property deprivations.").  The matter might be different if the deprivation was foreseeable and the state might reasonably be expected to provide a pre-deprivation process, *Zinermon*, 494 U.S. at 136-39, but the allegations here do not implicate any foreseeable actions.  Rather, they appear, if true, to implicate an opportunistic theft, predicated on plaintiff's unforeseeable windfalls.

Plaintiff may, if he has additional facts to plead about the state processes he has availed himself of (or any other facts pertinent to his case), include them in his objections to these findings and recommendations.[1]

I find dismissal without leave to amend appropriate because plaintiff has already been afforded multiple opportunities to amend, and he is no closer to stating a cognizable claim.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the third amended complaint, ECF No. 13, be

---

[1] After filing his amended complaint, plaintiff filed a separate "amendment."  ECF No. 14. I have, despite the requirement any complaint be complete in itself, reviewed this ancillary document, and find that nothing therein alters my analysis.

DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 8, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE